IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | | |
|---|---|---|
| LM Insurance Corporation, | ) | |
| | ) | |
| *Plaintiff*, | ) | |
| | ) | Case No. 3:22-cv-50385 |
| v. | ) | |
| | ) | Magistrate Judge Lisa A. Jensen |
| Joaquin Gonzalez, | ) | |
| | ) | |
| *Defendant*. | ) | |

## REPORT AND RECOMMENDATION

For the reasons stated below, it is this Court's report and recommendation that Plaintiff's motion for default judgment [27] be granted and that judgment be entered in favor of Plaintiff and against Defendant Joaquin Gonzalez in the amount of $457,045. Any objection to this report and recommendation must be filed by September 21, 2023. *See* Fed. R. Civ. P. 72(b). The failure to file a timely objection may result in the waiver of objections on appeal. *See Provident Bank v. Manor Steel Corp.*, 882 F.2d 258, 260-61 (7th Cir. 1989). The Clerk is directed to mail a copy of this order to Defendant Joaquin Gonzalez at the address where he was served. Dkt. 23.

## STATEMENT

Before the Court is Plaintiff LM Insurance Corporation's renewed motion for default judgment against Defendant Joaquin Gonzalez. Dkt. 27.[1] Plaintiff filed the complaint in this case on November 7, 2022 for breach of contract, alleging Defendant, a roofing contractor, failed to comply with audits, properly report, and pay the premiums for three workers' compensation insurance policies issued by Plaintiff to Defendant. Dkt. 1. Following limited discovery to determine the full extent of Defendant's premium payroll exposure, Plaintiff filed an amended complaint to reflect the amount of premiums owed by Defendant. Dkt. 19. This Court has jurisdiction over the subject matter of this case and the parties. Venue is also proper in this District.

Plaintiff served Defendant with the amended complaint on June 29, 2023. Dkt. 23. Accordingly, the deadline for Defendant to answer or otherwise respond to the amended complaint was July 20, 2023. To date, Defendant has not appeared or responded to the amended complaint.

At a telephonic status hearing on July 27, 2023, Plaintiff's oral motion for entry of default was entered against Defendant. Dkts. 25–26. Plaintiff's counsel has certified that Defendant is not a minor, an incompetent person, or in active military service. Dkt. 27 at 3. By reason of default, Defendant has admitted the truth of the allegations in Plaintiff's amended complaint. Defendant is hereby found liable to Plaintiff for unpaid workers' compensation insurance premiums.

---

[1] Plaintiff's first motion for default judgment was stricken without prejudice to refiling. Dkt. 16.

Plaintiff now seeks a default judgment against Defendant in the amount of $457,045. Dkt. 27. On August 3, 2023, Plaintiff mailed a copy of the motion and notice of the motion hearing to Defendant by regular and certified mail. Dkts. 27–28. Additionally, on August 4, 2023, this Court mailed Defendant a copy of the order setting Plaintiff's motion for a hearing. Dkt. 29.

The Court held a hearing on Plaintiff's motion on September 7, 2023. Defendant failed to appear at the hearing and has not responded to Plaintiff's motion. At the hearing, Plaintiff's counsel informed the Court that Defendant refused to sign for the certified mailing of the motion for default judgment and refused to accept personal service of the motion. However, Plaintiff's counsel stated that he spoke with Defendant and informed him of both the motion for default judgment and the motion hearing. Additionally, the mailing of the motion for default judgment and the motion hearing to Defendant on August 3 and 4, 2023 by regular mail have not been retuned as undeliverable.

Plaintiff alleges Defendant is liable for $457,045 in unpaid workers' compensation insurance premiums, consisting of $268,080 in premiums for policy #WC5-39S-724873-019 from August 1, 2019 through August 1, 2020; $167,824 in premiums for policy #WC5-39S-724873-010 from August 1, 2020 through August 1, 2021; and $21,141 in premiums for policy #WC5-39S-724873-011 from August 1, 2021 through December 22, 2021. The request is supported by an affidavit from Thomas Grehn, who performed the workers' compensation premium audit on the three polices at issue. Dkt. 27-1. Mr. Grehn avers that after accounting for all payments and credits due, Defendant owes $457,045 in unpaid premiums under the terms of those insurance policies. Considering this evidence, the Court finds Plaintiff is entitled to damages in the amount of $457,045.

Based upon the evidence presented, it is this Court's report and recommendation that Plaintiff's motion for default judgment be granted and that judgment be entered in favor of Plaintiff and against Defendant in the amount of $457,045. Any objection to this report and recommendation must be filed by September 21, 2023. *See* Fed. R. Civ. P. 72(b). The failure to file a timely objection may result in the waiver of objections on appeal. *See Provident Bank v. Manor Steel Corp.*, 882 F.2d 258, 260-61 (7th Cir. 1989).

Date: September 7, 2023     By:    *Lisa A. [signature]*
Lisa A. Jensen
United States Magistrate Judge